UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRA JEROME ROSS,

    *Plaintiff,*

v.

DEPARTMENT OF JUSTICE, *et al.*,

    *Defendants.*

Case No. 1:21-cv-2286-RCL

## MEMORANDUM OPINION

Plaintiff Ira Jerome Ross, proceeding *pro se*, filed the present lawsuit to compel defendants—the United States Department of Justice ("DOJ") and Federal Bureau of Investigation ("FBI")—to initiate a criminal action. *See* Compl., ECF No. 1. Before the Court are defendants' motion to dismiss, Defs.' Mot, ECF No. 5, Defs.' Br., ECF No. 5-1, plaintiff's opposition, Pl.'s Opp'n, ECF No. 8, and defendants' reply, Defs.' Reply, ECF No. 9. Upon consideration of the parties' filings, applicable law, and the entire record herein, the Court will **GRANT** defendants' motion to dismiss.

### I. BACKGROUND

In February 2019, plaintiff filed a lawsuit in Western District of Pennsylvania seeking criminal charges against PNC Financial Services Group, Inc. ("PNC"), its board of directors, and the chief executive officer. *See Ross v. Bd. of Dirs.*, No. 19-cv-0146, 2019 WL 1359728, at *1 (W.D. Pa. Mar. 26, 2019). The court dismissed plaintiff's complaint with prejudice because plaintiff was either attempting to initiate a criminal complaint or asking that the court order the filing of a criminal complaint by the federal government. *Id.* The court reasoned that plaintiff's request was improper because the decision to initiate a criminal action lies with DOJ. *Id.*

On August 24, 2021, plaintiff filed the present lawsuit against defendants. *See* Compl. He alleges that defendants violated his equal protection rights and harmed him by failing to investigate or arrest employees of PNC. Compl., ECF No. 1 at 7. He expressly invokes his lawsuit in the Western District of Pennsylvania—he even attaches it to his complaint—and alleges that "after writing to both the DOJ and FBI requesting for them to investigate and make arrest [sic] neither federal agency responded." *Id.* at 8.

Defendants moved to dismiss, arguing that plaintiff's claims are barred by issue preclusion and that he fails to state a claim. *See* Defs.' Br. 3–7. Plaintiff opposes. Pl.'s Opp'n. Defendants filed a reply in support of their motion. Defs.' Reply. Defendants' motion to dismiss is ripe for review.

## II.   LEGAL STANDARDS

To survive defendants' motion to dismiss, plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the Court can reasonably infer from the factual content pleaded that the defendant is liable for the alleged misconduct. *Id.* Though legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. For this reason, "'naked assertion[s]' devoid of 'further factual enhancement'" and "formulaic recitation[s] of the elements of a cause of action" will not survive a motion to dismiss. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quotations omitted).

### III. DISCUSSION

The Court will **GRANT** defendants' motion to dismiss. Plaintiff's lawsuit is barred by the doctrine of collateral estoppel (or issue preclusion).[1]

Collateral estoppel precludes plaintiff from relitigating the same issues that were litigated in his Pennsylvania case. Collateral estoppel applies when the following elements are met: (1) "the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case," (2) "the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case," and (3) "preclusion in the second case must not work a basic unfairness to the party bound by the first determination." *Martin v. Dep't of Just.*, 488 F.3d 446, 454 (D.C. Cir. 2007) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992)).

Each element is present here. First, plaintiff attempts to relitigate the same issue submitted in his prior case—that is, whether plaintiff can initiate a criminal case involving the investigation, arrest, and prosecution of PNC or its employees. *See Ross*, 2019 WL 1359728, at *1. Indeed, plaintiff has made that intent clear by attaching materials from his Pennsylvania case, including the magistrate judge's report and recommendation. *See* ECF No. 1 at 15–18.

Second, the issue was "actually and necessarily determined by a court of competent jurisdiction." *Martin*, 488 F.3d at 454 (citation omitted). Indeed, the magistrate judge's decision—adopted the District Court—concluded that "the law is quite clear" that courts have "no

---

[1] Even if collateral estoppel did not apply, the Court would dismiss plaintiff's complaint because it fails to state an equal protection claim or identify a mandatory duty warranting mandamus. Beyond conclusory statements, there are no facts from which the Court can conclude that DOJ and FBI impermissibly discriminated against plaintiff. *See, e.g.*, *XP Vehicles, Inc. v. Dep't of Energy*, 118 F. Supp. 3d 38, 75 (D.D.C. 2015). Additionally, mandamus is proper only when the plaintiff has a "clear right to relief" and the defendant has a "clear duty to act." *Baptist Mem'l Hosp. v. Sebelius*, 603 F.3d 57, 62 (D.C. Cir. 2010). Neither is the case here. As defendants point out, "[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 234–35 (D.C. Cir. 1965). Plaintiff's request for mandamus must be denied.

authority" to order the initiation of a criminal case by prosecutors. *See* ECF No. 1 at 16–17. Plaintiff was provided an opportunity to submit objections to the magistrate's report and recommendation, and the district court rejected plaintiff's arguments. *See Ross*, 2019 WL 1359728, at *1 ("Nothing in those Objections merits rejection of the Report or extended discussion.").

Third, there is no "basic unfairness" present here. *Martin*, 488 F.3d at 454. Plaintiff's incentives to litigate these points were the same then as they are now. Indeed, he attached the report and recommendation to his complaint. Plaintiff was provided with an opportunity to object to the magistrate judge's report in the prior litigation, and the Court sees no indication that the prior proceeding was defective.

Plaintiff argues that collateral estoppel does not apply because his Pennsylvania case "involv[ed] PNC Financial Services, et al., as the defendants and not the Department of Justice or Federal Bureau of Investigations [sic]." Pl.'s Opp'n 2. This argument is meritless. Collateral estoppel—unlike res judicata (also known as claim preclusion)—does not require mutuality of parties. *See, e.g., Gov't of Rwanda v. Johnson*, 409 F.3d 368, 374 (D.C. Cir. 2005). In other words, it does not matter that DOJ or FBI were not named in plaintiff's prior lawsuit. Because plaintiff litigated, and lost, the issue that he raises in this lawsuit, collateral estoppel bars his claim.

## IV.   CONCLUSION

Based on the foregoing, the Court will **GRANT** defendants' motion to dismiss by separate order.

Date: 5/31/22

Royce C. Lamberth
United States District Judge

4